THE UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| **LINE CONSTRUCTION BENEFIT FUND** ) <br> **A Health and Welfare fund,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **MIRARCHI BROTHERS, INC.,** ) <br> **A Pennsylvania Corporation,** ) <br> ) <br> ) <br> **Defendant.** ) | Case Number: 22cv3181 |

# C O M P L A I N T

NOW COMES Plaintiff, LINE CONSTRUCTION BENEFIT FUND, a Health and Welfare Fund, by and through its Attorneys, Asher, Gittler & D'Alba, Ltd., and complains of Defendant, MIRARCHI BROTHERS, INC., a Pennsylvania corporation, as follows:

1. This action is brought under the provisions of Sections 502(g)(2) and 502 (a)(3), of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., Secs. 1132(g)(2), (a)(3), and 1145.

2. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec. 1132(e)(1) and (e)(2)], which states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3. The Plaintiff ("Fund") receives contributions from numerous employers pursuant to collective bargaining agreements heretofore entered into between the IBEW Local Union 70 ("Union") and Defendant (Exhibit A), and the Fund is maintained and administered in

accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Fund is administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4. Line Construction Benefit Fund's office is located at 821 Parkview Blvd., Lombard, IL 60148-3230, and the Fund is administered in the Northern District of Illinois.

5. As provided in the Trust Agreement, Plaintiff is required to receive, hold and manage all monies required to be contributed to the Fund in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

6. Defendant is an employer engaged in an industry affecting commerce and maintains their principal place of business at 2901 Samuel Road, Bensalem, PA 19020.

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Fund.

8. Plaintiff is advised and believes that Defendant has repeatedly failed to submit accurate contribution reports and the required payments thereon to the Fund pursuant to the terms of the Collective Bargaining Agreement by which they were bound, all in violation of their contractual obligations and their obligations under applicable federal statutes.

9. As a result of the above-described omissions and breaches of agreement by Defendant, Plaintiff may be required to (a) deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing

to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plan, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Fund and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

10. Plaintiff, on its behalf, and on behalf of all employees for whose benefit the Fund was established, has requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

11. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and are restrained from continuing to refuse to perform as thereunder required.

12. Defendant is delinquent to the Fund for the months of June 2021 through November 2021 in the amount of $340,143.48, including interest and liquidated damages through the date of June 30, 2022.

13. Defendant's failure to pay is a violation of the Collective Bargaining Agreement and the Trust Agreement. Plaintiff, therefore, seeks enforcement of these provisions pursuant to Section 502(a)(3),(b)(ii) and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., Sec. 185(a).

WHEREFORE Plaintiff prays:

(a) That judgment be entered in favor of Plaintiff and against Defendant in the amount of THREE HUNDRED FORTY THOUSAND ONE HUNDRED FORTY-THREE

DOLLARS AND 48/100 CENTS ($340,143.48), and such additional monies that accrue during the pendency of this lawsuit.

 (b) That Plaintiff be awarded its costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

 (c) That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

 (d) For such other and further relief as the Court may determine just and proper.

Respectfully submitted,

By: */s/ Natalie Diblich*
One of Plaintiff's Attorneys

Natalie Diblich
Susan M. Matta
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 720
Chicago, Illinois 60606
(312) 263-1500
natalie@ulaw.com
smm@ulaw.com
IL ARDC#: 6326816
IL ARDC#: 6276653

Dated: June 16, 2022